■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN BUDDY LAWRENCE, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the former County Court, Queens County, dated April 26, 1961, which denied after a hearing his application to vacate a judgment of said court, rendered October 27, 1939 on his plea of guilty, convicting him of robbery in the second degree, and imposing sentence. Order reversed on the law and proceeding remitted to the Supreme Court, Queens County, Criminal Term, for a new hearing and for a determination *de novo*. No questions of fact were considered. While there was sufficient proof on which the court below could have properly rested its determination, nevertheless it committed reversible error when, upon the denial of defendant's application, it indicated that it was relying on its own personal knowledge of certain facts, which were not proper subjects for judicial notice (see *People* v. *Weiss*, 19 A D 2d 900; cf. *People* v. *Dow*, 3 A D 2d 979; *City of Buffalo* v. *Beck*, 205 Misc. 757; *Castello* v. *Cassidy*, 210 N. Y. S. 2d 46; Richardson, Evidence [8th ed.], p. 6). Beldock, P. J., Brennan and Hopkins, JJ., concur; Kleinfeld and Hill, JJ., dissent and vote to affirm the order on the ground that the record amply supports the determination and that, under all the circumstances, it may not be said that the comments of

the trial court resulted in substantial prejudice to the defendants; hence, the error, if any, should not affect the judgment of this court (Code Crim. Pro., § 542).